

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

RONALD M. GREEN,
and PAMELA V. GREEN,

                **Plaintiffs,**

v.

THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES,
THE COASTAL VIRGINIA LAW FIRM P.C.,
BROOK M. THIBAULT, Esquire in his official capacity as corporate
officer or authorized agent,
PUGH AND KARPOV LAW PC,
GREGORY K. PUGH, Esquire in his official capacity as corporate
officer or authorized agent, and
MICHELLE DUDA, in her official capacity as Assistant Attorney
General III, Commonwealth of Virginia Division of Child Support
Enforcement (VDSS).

                **Defendants.**

Case No.: 2:24cv510
JURY TRIAL DEMANDED

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. NOW COME, Plaintiff, Ronald M. Green and Pamela V. Green, the undersigned, and complain of Defendants THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM P.C., Brook M. Thibault, Esquire, in his official capacity as corporate officer or authorized agent, PUGH AND KARPOV LAW PC, Gregory K. Pugh, Esquire, in his official capacity as corporate officer or authorized agent, and Michelle Duda in her official capacity as Assistant Attorney General III, the Commonwealth of Virginia Division of Child Support Enforcement, as follows:

TAKE JUDICIAL NOTICE: Rule 201.The accompanying exhibits or documents are pursuant to
Federal Rules of Civil Procedure Rule 10 and Federal Rules of Evidence 402 et seq.

**INTRODUCTION**

2. This action arises out of the activities in which Defendants'
conduct violates clearly established statutory or constitutional
rights of which a reasonable person would have known, that on or
after January 24, 2024 THE COASTAL VIRGINIA LAW FIRM OF BROOK M.
THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM P.C., BROOK
M. THIBAULT, P.C., PUGH AND KARPOV LAW PC, GREGORY K. PUGH, P.C.,
Their officers or authorized agents mishandled or disseminated
unauthorized disclosure of personally identifiable information
they acquired from Ronald M. Green, including, but not limited
to, the Plaintiff's name, address, tax return or tax information,
social security numbers ending in 3642 and 9763 audit reports,
correspondence, and other account information on court exhibits
or public records without being redacted or the Plaintiff's
prior consent, breached a fiduciary duty, breach of confidence,
and marital privacy. But for the Defendant's gross negligence,
this caused or subjected Ronald M. Green and Pamela V. Green to
emotional distress, financial loss, or irreparable damages due
to the actual breach in violation of the American Data Privacy
Protection Act, Internal Revenue Code, §§ 7213(a)(3), 6103, Va.
Code Chapter 38.1, §§§ 2.2-3815, 58.1-3, 8.01-420.8 (A) and (B);
Va. Code § 59.1-578, The Fair Credit Report Act (FCRA) 15 U.S.C.
§ 1681 et seq., 14th Amendment of the U.S. Constitution's Due
Process and Equal Protection Clauses, 42 U.S.C. § 1983 and laws.

3. Plaintiffs allege that THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM P.C., and PUGH AND KARPOV LAW PC., authorized, directed, ratified, or performed the tortious conduct through their corporate officers or authorized agents, and those in concert with them who, under the governing management structure, had the requisite authority to act on behalf of the Corporation.

4. That on or after January 21, 2023 BROOK M. THIBAULT P.C., and GREGORY K. PUGH P.C., corporate officers or authorized agents of THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM P.C., and PUGH AND KARPOV LAW PC, used or colluded with MICHELLE DUDA, Assistant Attorney General III, acting under color of state law to request or advise DCSE authorized representative D. Nowocien, alter, modify, falsify, sign, or file an official "LIEN FOR SUPPORT DEBT RELEASE" in Circuit Court on a closed case to deceive Ronald M. Green was released without evidence in support or notice, pursuant or contrary to Chapter 19, Title §§ 63.2-1916, 63.2-1940, et seq. Virginia Code, U.S. Constitution deprived the plaintiff of civil rights under the Constitution or federal law, a "right, benefit, or privilege" provided by law because of the defendants' "joint participation," abuse of power with the government official, or unlawful or non-judicial action (collectively "the defendants"), engaged in deceitful or misrepresentation of a material fact,

improper or fraudulent acts or practices with intent to defraud the plaintiff, to avoid litigation or conceal DCSE/VDSS unlawful false credit reporting practices, more specifically Ms. Duda's enforcement authority to retrieve from the system of records Ronald M. Green's social security number ending in 3642 his Tax Record or Tax Information, including breach of confidential and protected Child Support information of the noncustodial parent Ronald Green with social security number ending in 5526, using Ronald M. Green, physical address, (defendants collectively") willfully or intentionally deceived him, who reasonably relied that the Commonwealth of Virginia Division of Child Support Enforcement Lien Division wrongfully reported on his credit report, was released. The defendants were aware of Ronald Green, the noncustodial parent with Social Security number ending in 5526, but fabricated or asserted that he was released without any notice, subpoena, hearing, or court order, which violated Ronald M. Green constitutional rights and state or federal law; 42 U.S.C § 1983, 14th Amendment of the U.S. Constitution's Due Process and Equal Protection Clauses, 9th Amendment of the U.S. Constitution, Title 63.2, Chapter 19, Va. Code, ADDPA, The Fair Credit Reporting Act (FRCA); 15 U.S.C. § 1681 et seq., 18 U.S.C. § 371, § 8 of the Privacy Act of 1974, Va. Code 18 U.S.C. 1028, § 18.2-168, §§ 63.2-102, 63.2-103, Va. Code §§ 8.01-221, 54.1-3906. **See "Def"** Ex: **(A), B, C, D, E, F, R, T, U, W, Y, Z, 3, Q.**

## THE PARTIES

5. Ronald M. Green is an individual who is a citizen of the Commonwealth of Virginia residing at 5540 Barnhollow Road, Norfolk, Virginia 23502.

6. Pamela V. Green is a citizen and resident of the Commonwealth of Virginia residing at 5540 Barnhollow Road, Norfolk, Virginia 23502.

7. THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES is lawfully incorporated in the Commonwealth of Virginia and transacts business in the City of Virginia Beach, and is located at 2404 Princess Anne Road, Virginia Beach, Virginia 23456.

8. THE COASTAL VIRGINIA LAW FIRM P.C. is lawfully incorporated in the Commonwealth of Virginia and transacts business in the City of Virginia Beach, and is located at 2404 Princess Anne Road, Virginia Beach, Virginia 23456.

9. BROOK M. THIBAULT, Esquire, is a citizen and resident of the Commonwealth of Virginia and has a law office located at 2404 Princess Anne Road, Virginia Beach, Virginia 23456.

10. PUGH AND KARPOV LAW PC is lawfully incorporated in the Commonwealth of Virginia and transacts business in the City of Virginia Beach, and is located at 2404 Princess Anne Road, Virginia Beach, Virginia 23456.

11. GREGORY K. PUGH, Esquire, is a citizen and resident of the
Commonwealth of Virginia and has a law office located at 2404
Princess Anne Road, Virginia Beach, Virginia 23456.

12. MICHELLE DUDA, Assistant Attorney General III with the
Division of Child Support Enforcement for the City of Norfolk,
Virginia, who is a citizen and resident of the Commonwealth of
Virginia, and whose office is located at the Commonwealth of
Virginia Division of Child Support Enforcement, 420 North Center
Dr., Suite 224 ICC Bldg. #11 Norfolk, Virginia 23502.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this case
under 28 U.S.C. §§§ 1331, 1332(b)(1), 1391(b); 9th Amendment and
14th Amendment of the U.S. Constitution's Due Process and Equal
Protection Clauses, 42 U.S.C. § 1983 and laws; 28 U.S.C. § 1367-
supplemental jurisdiction over all other claims that are so
related to claims in the action that they form part of the same
case or controversy under Article III of the U.S. Constitution.

14. This Court has original jurisdiction over this civil action
as it arises under the U.S. Constitution, laws, or treaties of
the United States, specifically the 14th Amendment to the U.S.
Constitution, and the 9th Amendment to the U.S. Constitution
provides protections for citizens against unreasonable searches
and seizures by the government. The courts have interpreted this
to include the right to privacy.

15. Section 1 of the 14th Amendment to the U.S. Constitution provides, in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Alternatively, this Court has original jurisdiction because the amount in controversy exceeds the sum or value of $75,000,00 exclusive of interest and costs.

16. The 9th Amendment to the U.S. Constitution the court's precedent has said that the 9th Amendment is a way to justify looking at the Bill of Rights as a way to protect the right to privacy in a specific way not given in the first 8 amendments.

17. Venue is proper because a substantial part of the conduct giving rise to the claims occurred in the Commonwealth of Virginia. See 28 U.S.C. § 1391(b)(1)(2).

18. This Court has personal jurisdiction over all Defendants because they committed these violations in the Commonwealth of Virginia. See (FRCP) 4(k)

19. Defendants are subject to general jurisdiction in the Commonwealth of Virginia because all the Defendants list their places of business as located in Virginia, regularly transact extensive business activities in Virginia, have engaged in tortious conduct in Virginia, and there is a substantial nexus

between the Defendants' purposeful availment of the Virginia forum and the Plaintiff's claims.

20. Defendants have significant contact with Virginia such that they are subject to the personal jurisdiction of this Court.

21. The Court's assertion of jurisdiction over Defendants is consistent with the notions of fair play and substantial justice. One or more Defendants purposefully availed themselves of the benefits of Virginia such that they could reasonably anticipate being hauled into Court here, or otherwise directed their conduct toward this Virginia such that the effects of their damages were occasioned upon Plaintiffs within Virginia.

## A. **FACTUAL BASIS FOR CLAIMS**

22. The facts of this case are undeniably straightforward. On or about September 6, 2022 Ronald M. Green entered a contract for the legal services of the defendants, Brook M. Thibault Esquire, THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, and THE COASTAL VIRGINIA LAW FIRM P.C., To file a petition to "REMOVE" the DCSE $2,085.99 fabricated child support lien and dispute DCSE/VDSS unfair or unlawful credit reporting practices, resulting in adverse credit denial. The plaintiff provided the defendants with personal identifying information acquired from the system of records that included his spouse, Pamela V. Green, a non-party, FEDERAL AND STATE TAX RETURN OR TAX INFORMATION. See "Def" Ex:(s) A, B, C, Z, Q.

23. On or after January 24, 2024 Ronald M. Green discovered on
January 11, 2023 Gregory K. Pugh, P.C. of PUGH & KARPOV LAW PC,
secret communications with Ms. Duda "Hey Michelle, need a favor,
on a personal email account instead of a secure platform for law
firms to manage their clients, cases, documents, billing, and so
on" at gregorykpugh@aol.com to michelle.duda@dss.virginia.gov;

24. Ronald M. Green was not informed about Gregory K. Pugh, P.C,
Communications by Brook M. Thibault P.C., THE COASTAL VIRGINIA
LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, or THE COASTAL
VIRGINIA LAW FIRM P.C. **See "Def" Ex:(s) C, E & F.**

25. On or after January 11, 2023 Ms. Duda responded to Gregory
K. Pugh, P.C. I'm showing the case **#0003270534** was closed, that
was released on April 7, 2008 filed with the Court.

26. On or after January 19, 2023 Ms. Duda contacted Mr. Pugh,
"Lien should be released now." Please let me know. Thanks. I
show it was sent out, but I don't have a return from the Court."

27. On or after February 21, 2023 Brook M. Thibault P.C.
notified Ms. Duda, Assistant Attorney General III, that he was
retained to represent Ronald M. Green concerning the DCSE Lien.
That Attorney Greg Pugh reached out to her for assistance
concerning the matter ("we are in the same office, just
separate"). You informed Mr. Pugh the Lien was released.
Plaintiff had no **contract** with Mr. Pugh. From email accounts:
Stacy@coastalvirginialaw.com brook@coastalvirginialaw.com

28. On or after February 21, 2023 Brook M. Thibault, Esquire, advised Mr. Green, that Ms. Duda, the Assistant Attorney General III, advised that he was released from an unfounded DCES lien, and defendants sent to the Plaintiff what was requested and approved by Ms. Duda, condoned by Attorney General Jason S. Miyares, releasing the noncustodial New Jersey parent Ronald Green on **04/17/2008** and **01/12/24** with a social security number ending in **5526**, not Ronald M. Green, with the social security number ending in **3642** as the defendants falsely asserted.

29. Michelle Duda, Assistant Attorney General III, represents DCSE in all courts in the City of Norfolk, with a history of advising the DCSE to request dismissal of hundreds of child support show cause actions filed against parents who were not making their court-ordered payments, even in cases where the egregious pattern of nonpayment and overwhelmingly absentee parents trying to run from their financial responsibilities."

30. This dispute began on or after November 14, 2023 because Ronald M. Green, filed suit against Brook M. Thibault, P.C. THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM P.C., and Gregory K. Pugh, P.C., Counsel for the defendants of PUGH & KARPOV LAW PC, in Virginia Beach District Court, due to the defendants' misrepresentation or fraudulent concealment on March 6, 2023 that the contracted outcome was accomplished without pleading and court appearances.

31. On or after January 4, 2024 the Plaintiff Ronald M. Green filed his Court-ordered Bill of Particulars.

32. On or after January 24, 2024 Gregory K. Pugh P.C. of PUGH & KARPOV LAW, P.C., Counsel for Defendants Brook M. Thibault P.C., THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, and THE COASTAL VIRGINIA LAW FIRM, P.C. Filed Defendants' answer with exhibits and the Plaintiffs' non-public personally identifiable information. **See "Def" Ex:(s) Q, U at #9**

33. That Brook M. Thibault Esquire, THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT P.C., Gregory K. Pugh, P.C., of PUGH & KARPOV LAW, its officers or authorized agents, retaliated against Ronald M. Green and Pamela V. Green because Mr. Green filed suit against Defendants for their misrepresentation. Who, willfully or intentionally, disseminated to others unauthorized disclosure of Plaintiffs' personally identifiable information, including, but not limited to, use of Plaintiff name, address, Income Tax Return or Tax Information, social security numbers ending in **3642** and **9763**, audit reports, correspondence, and other account information on Court exhibits or public records without being redacted or Plaintiff prior knowledge or consent, breached their fiduciary duty, breached Plaintiffs' confidence, and right to privacy of Plaintiffs, are liable due to the actual breach in violation of the Internal Revenue Code (IRC) **§§ 7213**

(a)(3), 6103, Va. Code Chapter 38.1, §§§ 2.2-3815, 58.1-3, 8.01-
420.8 (A) and (B), The American Data Privacy Protection Act, Va.
Code §§ 59.1-578, 54.1-3906 et seq. The Fair Credit Report Act
(FCRA) 15 U.S.C. § 1681 et seq., the 14th Amendment of the U.S.
Constitution's Due Process and Equal Protection Clauses, 9th
Amendment of the U.S. Constitution, 42 U.S.C. § 1983; Federal
and State Statutes and Criminal Laws and seeks to enjoin these
violations and to award expenses and grant such other relief as
this Complaint requests. **See VA D. Court Order** Ex: **(s) Q, T.**

34. On March 8, 2024 Brook M. Thibault, P.C. Gregory K. Pugh,
P.C., Stacy Hughes, Thibault Paragal Legal, D. Nowocien, DCSE,
and Michelle Duda, Assistant Attorney General III, were issued
subpoenas but failed or refused to appear, and on June 6, 2024
Ms. Duda contacted D. Michael Faust, Old Dominion Trial Lawyers,
PLLC Counsel for Ronald M. Green, regarding the July 12, 2024
trial date in Virginia Beach General District Court, warning
about potential sanctions against Attorney Faust, should he
proceed to trial. **See "Def" Ex:(s) R, M.**

35. On or after June 17, 2024 D. Michael Faust, Old Dominion
Trial Lawyers, PLLC and Counsel for Ronald M. Green suddenly
advised, 36 days before the July 12, 2024 trial, he received a
call from Ms. Duda, confirming he was released from the DCSE
fabricated lien and will move the Court to withdraw as counsel
or non-suit without prejudice on June 25, 2024. **Ex:(s) M, X.**

36. That DCSE/VDSS Division Lien #**0003270534** falsely asserted against Ronald M. Green with Carolyn Green #**0003270532** has been resolved on January 17, 2023 under social security number ending in **5526** as confirmed by Michelle Duda on the prior closed case #**0003270534** on April 17, 2008. See "Def" **Ex:(s) A, F, W, 3**

37. That Gregory K. Pugh, P.C. Counsel for Defendants Brook M. Thibault Esquire, THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM P.C., filed false DCSE/VDSS documents on 01/24/2024 in Virginia Beach General District Court as confirmed by Ms. Duda DCSE Lien case #**0003270534** was closed on 04/17/2008 Defendants asserted that they released Ronald M. Green. **See: "Def"** Ex: **(s) A, B, F, U, W.**

38. Ronald M. Green, allege that Brook M. Thibault P.C., THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM P.C., Gregory K. Pugh, P.C. PUGH & KARPOV LAW PC. Michael Duda, Assistant Attorney General III, (defendants "collectively'), engaged in official misconduct, misrepresentation **"continued wrong"** or fraud upon the plaintiff and courts or non-judicial action without any credible evidence, violated the Plaintiff's rights under the 14th Amendment of the U.S. Constitution's Due Process and Equal Protection Clauses, the 9th Amendment of the U.S. Constitution, 42 U.S.C. § 1983; and laws by subjecting him to official misconduct or DCSE/VDSS unlawful credit reporting practices without due process of law.

39. BROOK M. THIBAULT P.C., and GREGORY K. PUGH P.C., Corporate officers or authorized agents, THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM P.C., and PUGH AND KARPOV LAW PC colluded with MICHELLE DUDA, Assistant Attorney General III, and others acting under color of state law to defraud, falsely advise, or misrepresent to Ronald M. Green with social security number ending in **3642** he was released under another Ronald Green's official DCSE/VDSS "LIEN FOR SUPPORT DEBT RELEASE" closed record with social security number ending in **5526** was filed in the Norfolk Circuit Court and Norfolk Juvenile and Domestic Relations District Court pursuant to the requirements of Title 63.2, Chapter 19, of the Code of Virginia, without any Order confirming the lien was released when, in fact, officials said they did not have or had no record of Ronald M. Green DCSE/VDSS case number **#0003270514**; deprived Plaintiff of their constitutional rights in violation of 42 U.S.C. § 1983, 14th Amendment of the U.S. Constitution's Due Process and Equal Protection Clauses, and the 9th Amendment of the U.S. Constitution, Section 8 of The Privacy Act of 1974, **18 U.S.C. § 242** and laws. See **"Def" Ex: (s) A, E, F, U, W, Y, 3.**

40. Ms. Duda requested or advised DCSE/VDSS officials to report and file the false non-payment child support debt lien to credit reporting agencies or failed to prevent the willful or reckless failure to comply with the FRCA, which impaired Ronald M. Green

and Pamela V. Green's credit score or credit rating, making it
more difficult to obtain $230,000 loans or other forms of
credit, violated the Plaintiff's rights under the 14th Amendment
of the U.S. Constitution's Due Process and Equal Protection
Clauses, the Fair Credit Reporting Act (FCRA), the 9th Amendment
of the U.S. Constitution; and laws.

41. BROOK M. THIBAULT P.C. in concert with GREGORY K. PUGH P.C.,
corporate officers or authorized agents of THE COASTAL VIRGINIA
LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA
LAW FIRM P.C., PUGH AND KARPOV LAW PC's intentional failure to
dispute the DCSE/VDSS false child support debt lien or its false
and wrongful credit reporting practices, and its collusion with
MICHELLE DUDA, Assistant Attorney General III, to conceal Ms.
Duda's official misconduct, who requested or advised DCSE/VDSS
officials to report or file a false nonpayment child support
debt lien to the credit reporting agencies or fail to prevent
willful or reckless failure to comply with the FRCA; impaired
Ronald M. Green and Pamela V. Green's credit score or credit
rating, making it more difficult to obtain a $248,000 loan or
other forms of credit with Better Mortgage or TRUIST BANKS, in
violation of the plaintiff's rights under 14th Amendment of the
U.S. Constitution's Due Process and Equal Protection Clauses, 42
U.S.C. § 1983, the Fair Credit Reporting Act (FCRA), and the 9th
Amendment of the U.S. Constitution and laws. **See "Def" Ex:(s) C**

CLAIMS FOR RELIEF

<u>COUNT I</u>

Against All Defendants

(Violation of the Fourteenth Amendment)

42. Plaintiff realleges and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

43. Defendants violated the Fourteenth Amendment to the U.S. Constitution that requires the States to protect citizens from unreasonable searches and seizures by the government. The courts have interpreted this to include the right to privacy.

44. Section 1 of the 14th Amendment to the U.S. Constitution provides, in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

45. By reason of the foregoing, the defendants are liable to the plaintiff for actual damages, and statutory trebling of those damages, together with punitive damages, costs, and interest.

---

The plaintiff(s) reserve their rights to amend the complaint or join any claims under the First Amendment through its protection of associational rights, by the Third, the Fourth, and the Fifth Amendments, pursuant to Rule 18 and 15 of the Federal Rules of Civil Procedure.

COUNT II

Against All Defendants

(Violation of the Ninth Amendment)

46. The plaintiff realleges and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

47. Defendants (collectively "the defendants"), violated the Ninth Amendment by denying or disparaging rights not listed in the Constitution but retained by the people, for the infliction of emotional distress, breach of fiduciary duty or privacy, breach of confidence, marital rights or harm, financial loss, and irreparable damages, due to the actual breach caused by the collusion or unauthorized disclosure of personally identifiable information, including but not limited to, the plaintiff's name, address, tax return or return information, social security number ending in **3642** and **9763** audit reports, correspondence, and other account information shared on court exhibits or public records without being redacted or without the plaintiff's prior consent; DCSE false or improper child support debt lien reported to credit agencies or prevent willful or reckless failure to dispute or comply with FRCA, as retaliation, which impaired the plaintiffs' credit or credit rating, making it more difficult to obtain any credit, thereby depriving the plaintiffs of a "right, benefit, or privilege" provided by the Constitution and laws.

<u>COUNT III</u>

Against All Defendants

(Violation of the Fourteenth Amendment Equal Protection)

48. The plaintiff realleges and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

49. Defendants' (defendants collectively"), actions violate clearly established constitutional or statutory authority and laws pursuant to the Internal Revenue Code (IRC) §§ 7213 (a)(3), 6103, and Va. Code Chapter 38.1, §§§ 2.2-3815, 58.1-3, 8.01-420. 8 (A) and (B), Treasury Regulations § 301.7216-1(b)(4), Va. Code § 59.1-578; The Fair Credit Report Act (FCRA) 15 U.S.C. § 1681 et seq., 14th Amendment of the U.S. Constitution's Due Process and Equal Protection Clauses, Title 42 U.S.C. § 1983 and laws.

50. Defendant's actions violated the Fourteenth Amendment equal protection that prohibit the State from making or enforcing any law that shall abridge the privileges or immunities of citizens of the United States or deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws; by Defendants' collusion or unauthorized disclosure of personally identifiable information, including but not limited to, Ronald M. Green and Pamela V. Green name, address, tax return or return information, social security numbers ending in **3642** and **9763**

audit reports, correspondence, or other account information on court exhibits or public records without being redacted or the plaintiff's prior consent, or DCSE/VDSS false nonpayment child support lien to credit reporting agencies or prevent the willful or reckless failure to dispute or comply with the FRCA, impaired the plaintiff's creditworthiness or credit rating, in violation of equal protection and Va. Code § 63.2-1940 et seq., and laws.

<u>COUNT IV</u>

Against All Defendants

(Violation of 42 U.S.C. § 1983)

51. Plaintiffs reallege and incorporate herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

52. The Defendants ("joint participation"), subjected Ronald M. Green and Pamela V. Green to conduct that occurred under color of state law, and this conduct deprived the plaintiffs of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution.

53. Defendants' misconduct, in collusion with their employees, authorized agents, representatives, or those acting in concert with them, willful or reckless breach of fiduciary duty, breach of privacy, breach of confidence, breached plaintiffs' marital privacy rights, which caused economic distress, resulted in the infliction of emotional distress and irreparable damages, due to

the actual breach caused by the unauthorized disclosure of
personally identifiable information, including but not limited
to, plaintiff's name, address, tax return or return information,
social security numbers ending in **3642** and **9763** audit reports,
correspondence, and other financial account information on court
exhibits or public records without being redacted or without the
plaintiffs' prior consent, in violation of their rights.

54. That Ms. Duda requested or advised DCSE/VDSS authorized
official D. Nowocin to fabricated a false nonpayment child
support debt lien or report it to credit reporting agencies
against Ronald M. Green or failure to prevent the willful or
reckless false reporting in violation of the FCRA, or withdraw
the reporting against Ronald M. Green as retribution for filing
suit against Brook M. Thibault, P.C., THE COASTAL VIRGINIA LAW
FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW
FIRM P.C., and Gregory K. Pugh, P.C., Counsel for Defendants of
PUGH & KARPOV LAW PC, due to the Defendants' false or misleading
communications, the contracted outcome was accomplished without
pleading or court appearances. **See "Def" Ex:(s) U.**

55. Ronald M. Green was engaged in protected activity that
exposed the defendants' fraud and official misconduct in concert
with Ms. Duda, the defendants retaliated against Pamela V. Green
by marital association, depriving the plaintiffs of a "right,
benefit, or privilege" provided by the Constitution and laws.

## COUNT V

### Against All Defendants

### (Violation of Section 8 of the Privacy Act)

56. Plaintiff realleges and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

57. The right to privacy is a personal and fundamental right protected by the Constitution of the United States.

58. Plaintiff's bring this action against BROOK M. THIBAULT P.C., GREGORY K. PUGH, P.C., THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM P.C., PUGH AND KARPOV LAW PC, MICHELLE DUDA, Assistant Attorney General III, to restrain the Defendants, their employees, agents, or representatives, or those in concert with them, from unlawful action against the Plaintiff that falsified child support lien or credit reporting, mishandled or disseminated unauthorized disclosure of personally identifiable information, including, but not limited to, the Plaintiff's name, address, tax return or tax information, social security number ending in **3642** and **9763** audit reports, correspondence, and other account information inserted into new documents or court exhibits or public records the Defendants Grounds for Defense, without being redacted and without the Plaintiff's prior consent, in violation of Section 8 of the Privacy Act and laws. **See "Def" Ex:(s) B, F, U, Q, T.**

COUNT VI

Against All Defendants

(Violation of the American Data Privacy Act)

59. Plaintiff realleges and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

60. That BROOK M. THIBAULT P.C., GREGORY K. PUGH P.C., THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM P.C., PUGH AND KARPOV LAW PC, MICHELLE DUDA, Assistant Attorney General III, and their employees, agents, representatives, or those in collusion with them, engaged in fraudulent concealment or official misconduct and retaliation against Ronald M. Green and Pamela V. Green.

61. The defendants collected, possessed, transferred, or shared unauthorized disclosure of plaintiffs' personally identifiable information or data from a protected record, including, but not limited to, the plaintiffs' name, address, tax return or tax information, their social security numbers ending in 3642 and 9763 audit reports, correspondence, and other financial account information, inserted into a new document, Defendants' Grounds for Defense, on court exhibits or public records, without being redacted, and disclosed without Ronald M. Green and Pamela V. Green prior consent, which was in violation of the American Privacy Act and laws. **See "Def" Ex:(s) C, E, U, Q, T.**

COUNT VII

Against All Defendants

(Violation of the IRC 26 U.S. Code §§ 7213(a)(3), 6103 et seq.)

Confidentiality and Disclosure of Returns and Return Information

62. Plaintiff realleges and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

63. That BROOK M. THIBAULT P.C., GREGORY K. PUGH P.C., THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM P.C., PUGH AND KARPOV LAW PC, MICHELLE DUDA, Assistant Attorney General III, and their employees, agents, representatives, or those in collusion with them, engaged in fraudulent concealment, official misconduct, and retaliation against Ronald M. Green and Pamela V. Green.

64. Defendants' willful publishing or unauthorized disclosure of the plaintiffs' personally identifiable information from a protected record, including, but not limited to, the plaintiffs' name, address, tax return or tax information, their social security numbers ending in 3642 and 9763 or shared other account information, inserted into a new document, Defendants' Grounds for Defense, on court exhibits or public records, without being redacted, and disclosed without Ronald M. Green and Pamela V. Green prior consent, which was in violation of the Internal Revenue Code (IRC); and laws. **See "Def" Ex:(s) C, E, U, Q, T.**

<u>COUNT VIII</u>

Against All Defendants

(Violation of Code of Virginia § 2.2-3815 et seq.)

Access to Social Security Numbers Prohibited

65. Plaintiff realleges and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

66. That BROOK M. THIBAULT P.C., GREGORY K. PUGH P.C., THE COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES, THE COASTAL VIRGINIA LAW FIRM P.C., PUGH AND KARPOV LAW PC, MICHELLE DUDA, Assistant Attorney General III, their employees, agents, representatives, or those acting in collusion with them under color of state law committed prohibited acts.

67. The defendants retained, possessed, shared or published unauthorized disclosure of plaintiffs' confidential personally identifiable information or agency data from a protected record, including, but not limited to, the plaintiffs' name, address, tax return or tax information, social security numbers ending in 3642 and 9763, inserted into a new document, Defendants' Grounds for Defense, on court exhibits or public records, without being redacted, and then disclosed without Ronald M. Green and Pamela V. Green prior consent, which was in violation of Virginia Code § 2.2-3815 and laws. **See "Def" Ex:(s) A, B, C, D, E, M, Q, T, U, Y, Z.**

COUNT IX

Against All Defendants

(Violation of Code of Virginia § 58.1-3 et seq.)

Secrecy of Information

68. Plaintiff realleges and incorporates herein by reference
each and every foregoing paragraph of this Complaint as if set
forth in full.

69. That BROOK M. THIBAULT P.C., GREGORY K. PUGH P.C., THE
COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES,
THE COASTAL VIRGINIA LAW FIRM P.C., PUGH AND KARPOV LAW PC,
MICHELLE DUDA, Assistant Attorney General III, their employees,
agents, representatives, or those acting in collusion with them
under color of state law committed prohibited acts.

70. The defendants retained, possessed, shared, published, or
divulged unauthorized disclosure of plaintiffs' confidential
personally identifiable information or agency data from a
protected record, including, but not limited to, the plaintiffs'
name, address, tax return or tax information, social security
numbers ending in 3642 and 9763, inserted into a new document,
Defendants' Grounds for Defense, on court exhibits or public
records, without being redacted, and then disclosed without
Ronald M. Green and Pamela V. Green prior consent, which was in
violation of Virginia Code § 58.1-3 et seq., and laws. **See "Def"
Ex:(s) A, B, C, D, E, M, Q, T, U, Y, Z.**

COUNT X

Against All Defendants

(Violation of Code of Virginia § 8.01-420.8(A) and (B) et seq.)

Protection of Confidential Information in Court Files

71. Plaintiff realleges and incorporates herein by reference
each and every foregoing paragraph of this Complaint as if set
forth in full.

72. That BROOK M. THIBAULT P.C., GREGORY K. PUGH P.C., THE
COASTAL VIRGINIA LAW FIRM OF BROOK M. THIBAULT & ASSOCIATES,
THE COASTAL VIRGINIA LAW FIRM P.C., PUGH AND KARPOV LAW PC,
MICHELLE DUDA, Assistant Attorney General III, its employees,
agents, representatives, or those acting in concert under color
of state law in collusion with them, committed prohibited acts.

73. The defendants retained, possessed, shared or published
unauthorized disclosure of plaintiffs' confidential personally
identifiable information or agency data from a protected record,
including, but not limited to, the plaintiffs' name, address,
tax return or tax information, social security numbers ending in
3642 and 9763, inserted into a new document, Defendants' Grounds
for Defense, on court exhibits or public records, without being
redacted, and then disclosed without Ronald M. Green and Pamela
V. Green prior consent, which was in violation of Virginia Code
§ 8.01-420.8 (A) and (B), and laws. **See "Def" Ex:(s) A, B, C, D,
E, M, Q, T, U, Y, Z.**

## JURY TRIAL DEMAND

Plaintiff(s) demand the right to trial by jury as declared by the **Seventh Amendment to the U.S. Constitution** and **FRCP Rules 38(a)(b); 5(d)** on all issues so triable to prevent injustice.

**WHEREFORE**, Plaintiff(s), pray that the Court:

(a) Find that the Defendant(s) have committed the violations of constitutional, statutory, and common law alleged herein.

(b) Enter an Order granting monetary relief, including treble and punitive damages in an amount of at least $9,000,000.00, the precise amount of which is to be determined at trial.

(c) Enter an Order granting monetary relief, including compensatory damages in an amount of at least $81,000,000.00, the precise amount of which is to be determined at trial.

(d) Determine that the Defendants have committed deprivation of the Plaintiff's rights and enter an appropriate Order awarding punitive and compensatory damages and granting monetary relief.

(e) Enter judgment including interest, costs, reasonable fees, and expenses;

(f) Entering preliminary and permanent injunctive relief against Defendant(s), to correct their practices and to comply with the Fourteenth Amendment and the Ninth Amendment Equal Protection and Due Process Clauses of the U.S. Constitution, and laws.

(g) Granting such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

RONALD M. GREEN,      PAMELA V. GREEN

By: _Ronald M. Green_
Ronald M. Green
5540 BBARNHOLLOW ROAD,
NORFOLK, VIRGINIA 23502
(757)348-0436
ronaldpreppie@aol.com

By:_Pamela V. Green_
Pamela V. Green
5540 BARNHOLLOW ROAD,
NORFOLK, VIRGINIA 23502
(757) 348-0436
ronaldpreppie@aol.com

**Dated: August 15, 2024**